IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| BRYAN PRESCO, and ROBIN PRESCO, | ) ) ) | Bankruptcy No. 08-20390JAD |
| Debtor, | ) ) | Chapter 13 |
| CHASE MANHATTAN AUTO FINANCE CORP., | ) ) ) | |
| Movant, | ) ) | |
| vs. | ) ) | Document No. 27 |
| BRYAN PRESCO, ROBIN PRESCO, and RONDA J. WINNECOUR, ESQUIRE, TRUSTEE, | ) ) ) ) | |
| Respondents. | ) | |

Appearances:   Dai Rosenblum, Esq., for Debtor
Brett A. Solomon, Esq., and Michael J. Stauber, Esq.,
for Chase Manhattan Auto Finance Corp.

**<u>MEMORANDUM OPINION</u>**

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. The matter before the Court is the Motion For Relief From Stay filed by Chase Manhattan Auto Finance Corporation ("Chase Manhattan"). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G).

The dispute in this case surrounds the Motor Vehicle Lease Agreement

entered into between Chase Manhattan and the Debtors. Pursuant to the Motion for Relief From Stay, Chase Manhattan asks this Court to determine that sufficient "cause" has been shown to grant relief from stay under 11 U.S.C. § 362(d) because the Motor Vehicle Lease Agreement has expired under its express terms.

In response to the Motion For Relief From Stay, the Debtors contend that the maturation date of the Motor Vehicle Lease Agreement was modified by the Court's Confirmation Order dated August 1, 2008 which confirmed the Debtors' Chapter 13 Plan dated January 17, 2008. Specifically, the Debtors argue that the Confirmation Order dated August 1, 2008 incorporated into the Chapter 13 Plan the proof of claim filed by Chase Manhattan (which was inflated to include not only the remaining payments due under the terms of the Lease, but also the purchase price for the vehicle). For the reasons that follow the Court will grant Chase Manhattan relief from the automatic stay and require the Debtors to surrender the vehicle to Chase Manhattan within thirty (30) days. In addition, the Court will require Chase Manhattan to amend its proof of claim.

## I.

On or about November 1, 2004, the Debtors and Chase Manhattan entered into a Motor Vehicle Lease Agreement ("Lease") whereby the Debtors leased a 2005 Subaru Forester (the "vehicle") from Chase Manhattan. Docket No. 27, ¶ 3. The Lease was for a period of forty-eight (48) months and contained a contractual

monthly payment of $384.31. Docket No. 39, Exhibit A. The Lease also provided for an option to purchase the vehicle at the conclusion of the forty-eight months for the purchase price of $10,977.47 with a $150.00 purchase option fee. Id.

Thirty-eight (38) months into the Lease, on January 21, 2008, the Debtors filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. Docket No. 1; see also Docket No. 27, ¶ 2. A Chapter 13 Plan dated January 17, 2008 ("the Plan") was subsequently filed. Docket No. 2. The Plan acknowledged the "lease" status of the Chase Manhattan claim. Id. With eleven months left on the lease, the Debtors listed the "Principal Balance Of Claim/or LTCD" as $4,227.41.[1] Id. In addition, the Plan stated that "[t]his Chapter 13 Plan contemplates that the Debtors will obtain a replacement vehicle at the expiration of this lease in 11 months, and the amount to be paid non-priority unsecured debt has been estimated accordingly." Id.

Chase Manhattan filed their proof of claim in this Bankruptcy Case on February 26, 2008, asserting a $14,053.22 claim.[2] Claim Registry 3-1. Id. Chase Manhattan alleged that the amount of the claim included the eleven (11) months left on the lease term, the $150.00 purchase option fee, and the $10,977.47

---

[1] This amount accounts for eleven equal payments of $384.31 per month. The Court notes that there appears to be a typographical error in the Plan because the "Contractual Monthly Payment" listed is off by ten cents at $384.41

[2] Attached to Chase Manhattan's claim at Claim Registry 3-1 is an illegible partial copy of the Lease. A legible copy was provided to the Court in the attachment to Chase Manhattan Auto Finance Corp's Brief In Support Of Motion For Relief From Stay Pursuant To 4001 and 9014 Of The Bankruptcy Rules Of Procedure And § 362 Of The Bankruptcy Code.

purchase price due at the end of the lease should the Debtors opt to buy the vehicle. Docket No. 39, p. 3.[3]

The Plan was confirmed on an interim basis on March 13, 2008. Docket No. 20. The interim confirmation order provided that the Debtors were assuming the lease, and that Chase Manhattan would be paid according to the terms of the Plan. Id.

On August 1, 2008, the Plan was confirmed on a final basis. Docket No. 22. The final confirmation order differed slightly from the interim confirmation order because instead of merely providing that Chase Manhattan would be paid according to the terms of the Plan, it also provided that the Chase Manhattan Claim No. 3-1 would govern as to amount, classification and rate of interest. Id.

The Lease matured on November 1, 2008. The Debtors did not surrender the vehicle to Chase Manhattan, nor did they give notice of their intent to exercise their purchase option. Docket No. 39, p. 3. On November 25, 2008, Chase Manhattan filed the instant Motion For Relief From Stay. Docket No. 27.

Pursuant to the Motion For Relief From Stay, relief from the automatic stay is being sought by Chase Manhattan under 11 U.S.C. § 362(d)(1) which provides in relevant part that "the court shall grant relief from the stay. . . for cause, including the lack of adequate protection of an interest in property or such party in interest." 11 U.S.C. § 362(d). Chase Manhattan argues that sufficient "cause"

---

[3] The Court notes that Chase Manhattan's claim amount should have been higher under their calculation. In any event, it appears that either amount asserted by Chase Manhattan is incorrect.

has been shown to grant relief from stay because the Lease has matured, the Debtors have no equity in the vehicle, and the vehicle is not necessary to an effective reorganization.

To counter Chase Manhattan's arguments, the Debtors contend that the proof of claim filed by Chase Manhattan modified the terms of the Lease,[4] and by incorporating the proof of claim into the confirmation order, the Lease expiration date had been changed. In addition the Debtors argue that because a confirmation order has been entered in this case, Chase Manhattan should be estopped from asserting that their claim is anything different than what it originally filed in its proof of claim.[5]

## II.

Courts have typically held that the confirmation order is *res judicata* as to any issue that could have been decided at the hearing on confirmation. See In re Szostek, 886 F.2d 1405, 1408 (3d Cir. 1989); see also In re Szalinski, 360 B.R. 104 (Bankr. W.D.Pa. 2007). This is because a confirmed Chapter 13 plan binds not only the debtor, but also each creditor of the debtor whether or not the Chapter 13 plan provides for the creditor's claim. 11 U.S.C. § 1327(a).

The Chapter 13 Plan that has been confirmed in this case (i) assumes the

---

[4] The Debtors argue that the proof of claim modified the lease because the claim listed $14,053.22 as the amount of the claim instead of the $4,227 left owing on the Lease.

[5] While not mentioned by the Debtors, the deadline for objecting to proof of claims has also passed in this case.

Lease; and (ii) indicates the Debtor's intent to not exercise the end of lease purchase option by stating that "the Debtors will obtain a replacement vehicle at the expiration of this lease in 11 months". Docket No. 2. The order confirming the plan does not alter the terms of the Chapter 13 Plan, except to the extent that it states that the claim of Chase Manhattan shall govern as to amount. Docket No. 22.[6]

There is nothing in either the proof of claim, the Chapter 13 Plan or the confirmation order which suggests that the Debtors sought to treat the Lease any differently than a pure lease agreement. The Debtors own conduct even suggests that they fully anticipated to comply with the terms of the Lease and surrender the vehicle at the end of the lease term. The Debtors state in their response to the Motion For Relief From Stay that "despite Diligent attempts, the Debtors have been unable to obtain financing for a replacement vehicle." Docket No. 33, ¶ 5. This is an admission that the Debtors were actively looking for a replacement vehicle and financing so that they would be able to turn the car in to Chase Manhattan at the end of the lease term. But for the fact that the Debtors were unable to obtain financing, this matter would not be before the Court.

The problem in this case is that Chase Manhattan filed an inflated proof of

---

[6] While the order confirming the plan provides that the filed claim of Chase Manhattan would govern as to "classification," nothing in the claim filed by Chase Manhattan altered its classification away from the level Four treatment spelled out in the plan. In addition, nothing in the claim suggests that Chase Manhattan is agreeable to having the purchase price of the vehicle paid over time, as opposed to a lump sum payment

claim, and the Debtors have embraced the inflated claim stating that Chase Manhattan somehow modified the Lease to permit the Debtors to retain the vehicle beyond the express expiration date of the lease.[7]

The filing of an inflated proof of claim does not equate to altering the terms of the Lease. As mentioned *supra* nothing in the proof of claim, plan, or confirmation order remotely suggests that the Lease has been modified to extend the maturity date of the Lease beyond November 1, 2008. The terms of the Lease then remain in effect, and the Debtors' possessory rights in the vehicle ceased on November 1, 2008.

Moreover, the proof of claim filed by Chase Manhattan, while incorporated into the confirmed plan, is not *res judicata* as to the amount of the claim. Even though the bar date has passed for the Debtors or the Chapter 13 Trustee to object to the proof of claim, there is no time limit in the Bankruptcy Code or the Bankruptcy Rules which would preclude Chase Manhattan from amending its inflated proof of claim. See 9-3001 Collier on Bankruptcy ¶ 3001.04 (15th Ed. Rev. 2008). Nor is there any time limit for the Debtors to seek reconsideration of the Chase Manhattan claim pursuant to 11 U.S.C. § 502(j). In fact, post-confirmation

---

[7] The Proof of Claim on its face is inflated. The Lease attached to the Proof of Claim states that the term of the Lease was for 48 months. At the time the bankruptcy case was filed, the Debtors were only contractually liable to Chase Manhattan for the remaining portion of their Lease, not the purchase price of the car and the remaining payments left on the Lease. In deed, any claim that Chase Manhattan may have beyond the original lease term is a contingent, unmatured, and unliquidated claim. The Court understands that Chase Manhattan was allegedly being merely "cautious" by liquidating its contingent claim. The liquidation of such claim, however, does not translate to the Debtors' exercise of the purchase option through the plan.

amendments to claims should be allowed if the purpose of the amendment is to cure a defect in the original claim. In re Norris Grain Co., 131 B.R. 747, 749-750 (M.D.Fl. 1990); see also In re International Horizons, Inc., 751 F.2d 1213 (11th Cir. 1985); In re Owens, 67 B.R. 418 (Bankr. E.D.Pa. 1986) (amendments to more clearly set forth previously timely filed claims are clearly permitted after the bar date. . .).

In this case, there should be an amended proof of claim filed (and the Court is so ordering one to be filed by Chase Manhattan) because the only amount owed to Chase Manhattan at the time of the bankruptcy filing was the remaining payments due under the lease. If the Debtors feel that the inflated proof of claim was done intentionally in bad faith, the Debtors may file a motion under Fed. R. Bankr. P. 9011. They may not, however, use that inflated proof of claim as a means of retaining their leased vehicle beyond the maturity date.

Likewise, the Debtors may not rely upon an equitable estoppel argument to prevent Chase Manhattan from amending its proof of claim. Under traditional estoppel principles, the Debtors must prove that there was a material misrepresentation which they reasonably relied upon to their detriment. See In re Industrial Concerns, Inc., 289 B.R. 609 (Bankr. W.D.Pa. 2003). To establish detrimental reliance, the Debtors must have, at a minimum, changed their position for the worse as a result of the misrepresentation. See In re Crain, 158 B.R. 608, 609 (Bankr. W.D.Pa. 1993) (citing to Heckler v. Community Health

Services of Crawford County, Inc., 467 U.S. 51 (1984)).

Here, the Debtors could not have "reasonably relied" upon Chase Manhattan's proof of claim because they knew at all times what the terms of their Lease were. In fact, the Plan provides only for the remaining payments due under the Lease, which is evidence that the Debtors knew what the proper amount of Chase Manhattan's claim should be. The Debtors also have not changed their position in reliance on the Chase Manhattan proof of claim. Their change of position only occurred once they were unable to obtain financing to purchase or lease a new vehicle not because of the proof of claim that was filed by Chase Manhattan. With no real change in position, the Debtors cannot use an equitable estoppel argument to prevent Chase Manhattan from altering its claim. See In re Spectrum Arena, Inc., 340 F.Supp. 767 (E.D.Pa. 1971) (no estoppel arises when conduct assigned as ground for estoppel was not relied upon or was not cause of change in position.)

Based upon the foregoing analysis, the Court concludes that the terms of the Lease have not been modified by Chase Manhattan's proof of claim. The maturity date of the Lease, therefore, remained at all times relevant hereto as November 1, 2008. As the Debtors have no equity in the vehicle, and the Lease has expired, the Court holds that "cause" has been shown to grant relief from the automatic stay.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| BRYAN PRESCO, and<br>ROBIN PRESCO, | )<br>)<br>) | Bankruptcy No. 08-20390JAD |
| Debtor, | )<br>) | Chapter 13 |
| ―――――――――――――――― | X | |
| CHASE MANHATTAN AUTO<br>FINANCE CORP., | )<br>)<br>) | |
| Movant, | )<br>) | |
| vs. | )<br>) | |
| | ) | Document No. 27 |
| BRYAN PRESCO, ROBIN PRESCO,<br>and RONDA J. WINNECOUR,<br>ESQUIRE, TRUSTEE, | )<br>)<br>)<br>) | |
| Respondents. | ) | |
| ―――――――――――――――― | X | |

## **ORDER**

**AND NOW** this **16th** day of **March, 2009**, and in consideration of the **Motion For Relief From Stay** filed by **Chase Manhattan Auto Finance Corporation** at **Doc. # 27**, and the response filed thereto, the Court **HEREBY ORDERS ADJUDGES AND DECREES** as follows:

1. Relief from the automatic stay is **GRANTED**. The Debtors shall have thirty (30) days to surrender the leased vehicle in accordance to the terms of their leasing agreement.

2. Chase Manhattan Auto Finance Corporation shall file an amended proof of claim to reflect only the remaining amounts owed by the Debtors pursuant to the terms of the Lease between the Debtors and Chase Manhattan.

Dated: __**March 16, 2009**__

_____
**Jeffery A. Deller**
United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL COPY TO:**
Debtors
Counsel For Debtors
Counsel For Movant
Ronda J. Winnecour, Esq., Chapter 13 Trustee
Office of U.S. Trustee

**FILED**

MAR 16 2009

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA

00003020.WPD